# In the United States Court of Federal Claims

No. 16-1365 C
Filed: October 19, 2016

*****************************************
|                                        | * |                              |
|----------------------------------------|---|------------------------------|
| FAVOR TECHCONSULTING, LLC              | * | Temporary Restraining Order  |
|                                        | * | RCFC 65(d)                   |
| Plaintiff,                             | * |                              |
|                                        | * |                              |
| v.                                     | * |                              |
|                                        | * |                              |
|                                        | * |                              |
| THE UNITED STATES,                     | * |                              |
|                                        | * |                              |
| Defendant.                             | * |                              |
|                                        | * |                              |
*****************************************

### MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY.[1]¶**

On May 26, 2016, the Defense Intelligence Agency ("DIA") issued a Solicitation seeking Enterprise Senior Information Technology Advisors services and Enterprise Information Assurance Services. Pl. Compl. at ¶12. The Solicitation sought to issue three Blanket Purchase Agreements ("BPAs") for various IT services. Pl. Compl. at ¶12.

On June 8, 2016, Favor TechConsulting, LLC ("Plaintiff") submitted a quotation to the DIA. Pl. Compl. at ¶13.

On September 27, 2016, Plaintiff received an email from a DIA contracting officer with an attached letter notifying Plaintiff that the three BPAS were awarded to other companies. Pl. Compl. at ¶15

On October 7, 2016, Plaintiff filed a protest with the Government Accountability Office ("GAO"), challenging DIA's evaluation criteria. Pursuant to the Competition in Contracting Act ("CICA"), 31 U.S.C. §§ 3553(d)(3)(A)–(d)(4), Plaintiff sought an automatic stay of performance of the BPAs. Pl. Compl. at ¶4.

---

[1] The relevant facts and procedural history are derived from the Plaintiff's October 19, 2016 Complaint ("Pl. Compl.")

On October 13, 2016, DIA's counsel notified Plaintiff that the BPAs were awarded on September 26, 2016, not September 27, 2016, and that Plaintiff's protest was therefore untimely for purposes of an automatic stay under CICA. Pl. Compl. at ¶19.

On October 19, 2016 filed a Complaint in the United States Court of Federal Claims. On that same day, Plaintiff filed a Motion For Declaratory Judgment; a Motion For A Temporary Restraining Order; a Motion For A Preliminary Injunction; and a Memorandum In Support Of Its Motion For Declaratory Relief ("Pl. Mem.").

On October 19, 2016, the court convened a telephone Status Conference. During the Status Conference, counsel for the Government stated that there are documents that show the actual date of award to be September 26, 2016.

## II. DISCUSSION.

The October 19, 2016 Motion seeks, among other things, a temporary restraining order to prohibit the DIA from authorizing the purported awardees to perform the under the BPAs.

On a motion for temporary injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel* v. *United States,* 413 F.3d 1344, 1347-48 (Fed. Cir. 2005). "*No one factor*, taken individually, *is necessarily dispositive* . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of others." *FMC Corp.* v. *United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

With respect to the first factor, Plaintiff's immediate and irreparable injury is the denial of the right to an automatic stay at the GAO. The CICA provides that, timely notification of the contracting agency of the pending protest triggers an automatic stay of performance. *See* § 31 U.S.C. 3353(d). Absent an automatic stay, an awarding agency would be able to move forward with performance. Therefore, in this case, Plaintiff will be deprived of a statutory right provided by Congress to preserve GAO review of the merits of a bid protest. *See* 31 U.S.C. § 3553(d).

With respect to the second factor, the exhibits attached by Plaintiff to the October 19, 2016 Memorandum In Support evidence a Notice of Award date of September 27, 2016. Pl. Mem. Ex. A. The statutory period for timely notice is ten days after contract award. *See* 31 U.S.C. 3353(d)(4)(A). Plaintiff filed the protest on October 7, 2016, which is within 10 days of September 27, 2016. Absent any documentation to the contrary, Plaintiff has shown a likelihood of success on the merits.

With respect to the third factor, during the October 19, 2016 telephone Status Conference, counsel for the Government stated that immediate performance was "mission critical." The CICA provides that an awarding agency may override an automatic stay and proceed with contract performance upon a written determination that: either (1) performance of the contract is in the best interest of the United States; or (2) urgent and compelling circumstances that significantly affect interests of the United States will not permit waiting for the decision of the Comptroller General.

31 U.S.C. § 3553(d)(3)(C). To date, the awarding agency in this case has not issue a statutory override. Furthermore, nothing before the court demonstrates that "urgent and compelling circumstances" dictate that the agency not wait for the GAO's determination. The public interest would not be impaired by a temporary restraining order to allow the Government to furnish the necessary documents to the court to establish the award date was September 26, 2016.

With respect to the final factor, the balance of hardships weigh in favor of Plaintiff. Absent a TRO, Plaintiff will be deprived of the statutory automatic stay of performance.

Accordingly, for the reasons set forth herein, it is hereby ordered that: the United States of America, the Defense Intelligence Agency, and their officers, agents, servants, employees, and representatives are Temporarily Restrained from authorizing the purported awardees to perform under the BPAs for a period of 7 days, *i.e.*, until October 26, 2016, from the issuance of this Order. *See* RCFC § 65(d). In the interim, the Government is ordered to provide documentation demonstrating that the award of the contract was on September 26, 2016, as opposed to September 27, 2016. In light of the limited time period of this Order, the court has determined that Plaintiff need not issue a security. *See* RCFC 65(c).

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**
